ALBERT E. PURCHASE et al.

*v.*

ATLANTIC SAFE DEPOSIT AND TRUST COMPANY et al.

[Submitted February 2d, 1913. Determined March 17th, 1913.]

1. Under the trust which was assumed by defendant corporation it became its duty to find an advantageous purchaser of the property of its *cestui que trust.* As that corporation could only act through its board, that duty necessarily belonged to the board and to each member of the board. In finding a purchaser for the trust property a member of the board did no more than perform his plain duty as a director—a duty which he owed alike to the corporation and to the *cestui que trust* of the corporation which he was representing.

2. The right of the corporation to compensation for the services performed by it in effecting the sale as a part of its duty in administering its trust is not questioned; but its right to pay to a member of its board of directors, out of the funds of its *cestui que trust*, compensation for disclosing a purchaser for the trust property, cannot be sustained.

3. The defendant corporation paid to its director, out of the funds of the *cestui que trust,* a compensation for disclosing a purchaser for the trust property, it being then believed by all the members of the board, except the director to whom the payment was made, that the purchaser of the property was a stranger, whereas it is now ascertained that the purchase was in behalf of the director who received the compensation.— *Held,* both the director and the corporation are liable to the *cestui que trust* for the compensation so paid; but for the other items for which the account is to be taken only the director is liable, as the sale of the property was made by the corporation in good faith without knowledge of the fact that the director was the purchaser.

4. The corporation having received no benefit from the payment, and the director having received the sole benefit, the liability for the return of the money should, in equity, be primarily cast upon the director and secondarily on the corporation.

On bill for accounting.

*Messrs. Wilson & Carr,* for the complainants.

*Messrs. Thompson & Smalhers,* for the defendants.

Leaming, V. C.

I am unable to doubt the accuracy of the conclusion stated by me tentatively at the final hearing as follows: "My present view is that a company holding a property in trust for purposes of sale would have no right, power or authority to pay commissions to a member of its board for finding a purchaser."

It is now urged, in support of the right, that the contract for the payment of commissions was made by a majority of the board of directors with one of its members, and that any open and fair contract so made may be enforced against the corporation. In support of this contention, the text of *10 Cyc.* (at *pp. 781, 794*) are cited. The text cited (at *p. 794*) is as follows:

"Directors are not disabled from entering into contracts with the corporation, provided there are enough directors on the other side of the contract to make a quorum, and provided the contract is open, fair, and honest."

The text at page 781 is to the same effect.

The text above quoted is not a correct statement of the law of this state.

Three views are entertained touching a contract between a director of a corporation and the corporation he represents. In some jurisdictions the view is that stated in the text above quoted. A second view, which is entertained in other jurisdictions, is that the trust relation between a director and his corporation renders such contracts void as against public policy. The theory upon which this view is supported is that the law will not allow a trustee for his own private advantage, to do that which may place him in a position in which his interest is antagonistic to that of the beneficiaries of his trust. The third view is that such contracts are not absolutely void, but voidable at the option of the corporation or its representative, provided the option is exercised within a reasonable time under all the circumstances of the case. This third view is the one which obtains in this jurisdiction. It was adopted by our court of last resort in *Stewart* v. *Lehigh Valley Railroad Co., 38 N. J. Law (9 Vr.) 505*, and has since been uniformly maintained. Except for the power of ratification which this rule reserves to the stockholders of a corporation (*United States Steel Corporation* v. *Hodge, 64 N. J. Eq. (19 Dick.) 807*), it may be said to be essentially the same as the rule which holds such contracts absolutely void, for, as against the will of the corporation, exercised within a reasonable time, such engagements are given no contractual force, however open, fair and honest they may be.

The relation of a trustee to his *cestui que trust* touching trust property is essentially the same. As against the will of the *cestui que trust* the trustee cannot contract with himself touching the trust property. *Staats* v. *Bergen, 17 N. J. Eq. (2 C. E. Gr.) 554*.

Under the trust which was assumed by defendant corporation it became the duty of that corporation to find an advantageous purchaser of the property of its *cestui que trust*. As that corporation could only act through its board, that duty necessarily belonged to the board and to each member of the board. In finding a purchaser for the trust property a member of the board did no more than perform his plain duty as a director—a duty which he owed alike to the corporation and to the *cestui que trust* of the corporation which he was representing. The corporation and

the *cestui que trust* were alike entitled to the service which was performed by the director, and were alike entitled to the free exercise of the judgment of the director touching the desirability of the sale, uninfluenced by hope of personal gain; for the relation of the board to the *cestui que trust* was clearly in the nature of a trust relation, notwithstanding the fact that the corporation which the board primarily represented was the legal trustee. The right of the corporation to compensation for the services performed by it in effecting the sale as a part of its duty in administering its trust is not questioned; but its right to pay to a member of its board of directors, out of the funds of its *cestui que trust,* compensation for disclosing a purchaser for the trust property, cannot, in my judgment, be sustained. The right of the corporation to compensation for services performed as trustee is entirely distinct from its right to an allowance for an expenditure of this nature.

Another question arises from the peculiar circumstances connected with the transactions already referred to. The defendant corporation paid to its director, out of the funds of the *cestui que trust,* a compensation for disclosing a purchaser for the trust property. At that time it was believed by all the members of the board, except the director to whom the payment was made, that the purchaser of the property was a stranger. It has since been ascertained that the real purchaser was the director to whom the compensation was paid. That director is a party defendant and has been already ordered to account to the *cestui que trust* for all profits flowing to him from the purchase. The item here under consideration may be appropriately classed as one of the items of profits made by the director through his purchase of the property. For this item both the director and the corporation are liable to the *cestui que trust;* for the other items for which the account is to be taken only the director is liable, as the sale of the property was made by the corporation in good faith without knowledge of the fact that the director was the purchaser. Under these circumstances, the joint liability of the director and the corporation for the money paid to the director for disclosing a purchaser falls within the rule defined in *McCartin* v. *Traphagen, 43 N. J. Eq. (16 Stew.) 323, 334,* for the corporation re-

ceived no benefit from the payment and the director received the sole benefit; the liability for the return of the money should, in equity, be primarily cast upon the director, and secondarily, on the corporation.

I will sign a decree in accordance with the views stated by me at the conclusion of the hearing.